Robert F. Brennan, Esq. [S.B. #132449]
**LAW OFFICES OF ROBERT F. BRENNAN APC**
2103 Montrose Ave., Suite D
Montrose, Ca. 91020
[818] 249-5291
FAX [818] 249-4329
Email: rbrennan@brennanlaw.com

Attorney for: Plaintiff KARINE ZAKARIAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARINE ZAKARIAN, an Individual;<br><br>    Plaintiff,<br><br>    vs.<br><br>SOFI LENDING CORP., a business entity; EXPERIAN INFORMATION SOLUTIONS INC., a business entity; and DOES 1-25, Inclusive,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**<br><br>1. FAIR CREDIT REPORTING ACT;<br>2. ROSENTHAL FAIR DEBT COLLECTION SOFICTICES ACT;<br>3. CALIFORNIA IDENTITY THEFT LAW;<br>4. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT.<br><br>**JURY TRIAL DEMANDED.** |

Plaintiff alleges:

1. Plaintiff KARINE ZAKARIAN ("plaintiff" or "ZAKARIAN") is a resident of the County of Los Angeles, State of California.

1

COMPLAINT

2.  Defendant SOFI LENDING CORP., ("SOFI") is a CORPORATION, doing business in the State of California, County of Los Angeles as a retail provider of credit cards and as its own debt collector. Defendant EXPERIAN INFORMATION SOLUTIONS INC., ("EXPERIAN")  is a business entity, doing business as a credit reporting agency.

3.  Defendants DOES 1-25 are individuals and business entities, doing business in the State of California as credit reporting agencies, debt collection agencies, creditors or other persons or entities which engage in credit reporting and/or debt collection. DOES 1-25, Inclusive, includes individuals or business entities doing business in the State of California as credit reporting agencies, debt collectors and/or creditors who have refused to delete accounts of plaintiff that were procured through identity theft, mixed file or other manner of recording an inaccurate credit account, even after plaintiff had notified them of the false or inaccurate derogatory, and also who have reported such accounts as derogatory credit references to credit reporting agencies.

4.  Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendants sued herein as Does 1 through 25, inclusive, under the provisions of Section 474 of the California Code of Civil Procedure. Plaintiff is informed and believes and on that basis alleges that Defendants Does 1 through 25, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

a) Said Officers, directors or managing agents of Defendants personally acted with oppression, fraud or malice with respect to the matters alleged in this complaint;

2

COMPLAINT

b) Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

c) Said officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

d) Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

e) Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

f) Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiffs. Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiffs will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

5.  Plaintiff is informed and believes, and thereon allege that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any future amended complaint. Further, Plaintiff alleges that each act alleged herein,

3

COMPLAINT

whether by a named Defendants or fictitiously named Defendants or otherwise, was expressly authorized or ratified, as these terms are used in California Civil Code Section 3294(b), by each and every other Defendant herein, whether named or fictitiously named.

## FIRST CAUSE OF ACTION

## [VIOLATION OF THE FAIR CREDIT REPORTING ACT AGAINST ALL DEFENDANTS]

6.  Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

7.  Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair Credit Reporting Act.  All defendants are "furnishers" as defined by 15 U.S.C. 1681s-2 of the Fair Credit Reporting Act, except EXPERIAN, which is a "consumer reporting agency" as that term is defined in 15 U.S.C. Section 1681a (f).

8. On or about April 13, 2022, Plaintiff lost her SOFI Mastercard World Elite Credit Card at an unknown time and location.

9. On or about April 13, 2022, Plaintiff's SOFI Bank credit card was fraudulently charged $15,640.22 at a Sam's Club located 39940 10th Street W. Palmdale, CA 93551.

10. On or about April 13, 2022, prior to the transaction amount being approved, Plaintiff received a call from SOFI requiring her approval for the transaction. She stated that she missed the call but when she called back to decline the charge, the transaction was approved.

11. On or about April 13, 2022, SOFI Bank sent a fraud alert via text message and via email to Plaintiff, and claims that no response was received. Later that same day, the SOFI system generated another fraud alert via text and email to Plaintiff.  Plaintiff responded, stating the transaction was fraudulent. As a result, her account was forwarded to SOFI's Member Security Team for further review due to their concerns with Plaintiff's recent account activity. Additionally, SOFI filed a dispute claim on Plaintiff's behalf after the unauthorized transaction of $15,640.22 was posted to her account.

12. On or about April 20, 2022, Plaintiff received a letter from SOFI Bank stating that they had been trying to call her about the alleged fraudulent use of her SOFI credit card and had not been able to get in touch with her.

13. On or about April 21, 2022, Plaintiff received a letter from SOFI Bank thanking her for contacting them about her SOFI Credit Card account. SOFI informed Plaintiff that the company was in the process of reviewing the reported fraud on her account and would be in touch if they needed additional information as they continued their research. They informed her that she should expect resolution of this matter within two billing cycles, not to exceed 90 days from the date of her claim.

14. On or about June 3, 2022, Plaintiff's Experian credit report showed her SOFI Bank balance was at 0% credit usage with a credit limit of $16,000.

15. On or about June 9, 2022, Plaintiff received a letter from SOFI Bank that they had completed their investigation and determined the transactions were authorized/valid based on the information that they received in their investigation. Therefore her claim was denied, the temporary provisional credit was removed and

a final determination letter was sent advising her that she would remain responsible for the transaction.

16. On or about June 13, 2022, the SOFI Bank Member Security Team connected with Plaintiff for a short interview. During this interaction, SOFI Bank alleged she explained her credit card had been lost but she could not clarify when the card had gone missing. Per SOFI's records, they alleged it was the first time Plaintiff had ever reported her card as lost or stolen. When asked if she would be willing to file a police report, SOFI Bank alleges she advised she would not be able to do so as she did not believe this was necessary. Based on the information she provided, the Member Security Team determined that no fraud had occurred and her account was to remain under review.

17. On or about July 3, 2022, Plaintiff's Experian credit report showed her SOFI Bank balance was reported at 97% credit usage and readded the fraudulent charge of $15,640 to her account.

18. On or about July 7, 2022, Plaintiff contacted the SOFI Credit Card Team to express her dissatisfaction with their decision to deny her dispute claim and her dissatisfaction with the account review process. She also requested that the dispute claim be reopened and was advised by SOFI that this request would need to be reviewed by SOFI Member Security Team.

19. On or about July 12, 2022, Plaintiff's Experian credit score was 780.

20. On or about July 21, 2022, Plaintiff's Experian credit score dropped to 746 .

21. On or about July 31, 2022, Plaintiff sent a dispute to SOFI Bank via the SOFI automated credit dispute system, claiming credit card fraud. SOFI Bank

COMPLAINT

informed her that the Member Security Team would contact her with the final results of their investigation once their review of her account had been completed.

22. On or about August 10, 2022, SOFI Bank sent a consent to disclose form as well as their generic response to the BBB by email and mail to Plaintiff's address on file.

23. On or about August 12, 2022, Plaintiff received a letter from SOFI Bank in response to her expressed concerns regarding their response to her filed Better Business Bureau complaint.

24. On or about August 21, 2022, Plaintiff filed a police report with the Glendale Police Department for a Fraud Investigation Report with Officer Sarah Kamachi.

25. On or about September 2022, Plaintiff filed a complaint with the Better Business Bureau, #17606800 , regarding the issues she was having with SOFI Bank removing the fraudulent charges.

26. On or about September 1, 2022, Plaintiff received a letter from SOFI Bank regarding their recent response to her BBB complaint. SOFI informed her for the privacy and protection of her personal information, they do not post their final response to the BBB site without her explicit permission.

27. On or about September 1, 2022, Plaintiff received a letter from SOFI Bank regarding her Better Business Bureau case, #17606800 informing her that they received a copy of the communication that she submitted to the Better Business Bureau regarding SOFI's recent response to Plaintiff's BBB complaint. SOFI needed her authorization in order to furnish the information to the Better Business Bureau in connection with a response to her complaint.

COMPLAINT

28. On or about September 7, 2022, Plaintiff signed SOFI's "Consent to Disclosure of Non-Public Personal Information" form.

29. On or about September 27, 2022, Plaintiff contacted Tahira Al, Director of Operations and Compliance at the Better Business Bureau regarding her complaint filed to them regarding SOFI Bank. Tahira informed Plaintiff that the BBB had not heard back from SOFI regarding her BBB complaint and that SOFI Bank is not a BBB accredit business, meaning that SOFI Bank does not support BBB services to the community and BBB cannot make them add additional responses or force them to act.

30. On or about October 11, 2022, Plaintiff filed a Federal Trade Commission Identity Theft Report #152531155 for the fraudulent charges on her SOFI credit card account.

31. On or about October 13, 2022, Plaintiff sent a dispute letter certified mail, return receipt requested to SOFI Bank N.A. in San Francisco and SOFI Bank, N.A. – Escalations in Utah to formally request to delete the fraud charge that she is being held responsible for by SOFI Bank. The item listed on her account was completely incorrect since the card was lost/stolen. Plaintiff also enclosed a copy of the Police Report as well as the Identity Theft report that she filed with the Federal Trade Commission.

32. Or or about October 17, 2022, Plaintiff received a return receipt signed and dated from Escalations – SOFI Bank N.A.

33. On or about November 9, 2022, Experian opened an investigation into the SOFI Bank fraud charges.

34. On or about November 24, 2022, Experian generated an report number 3722-8244-45 after their investigation and stated the information Plaintiff disputed has been verified as accurate.

35. As of December of 2022, SOFI continues to insist that the fraudulent charges are valid and has continued to credit-report the fraudulent charges to EXPERIAN, which continues to run them in plaintiff's credit report.

36. Plaintiff sent correspondence to EXPERIAN and SOFI, asking that they reinvestigate her account and reverse the fraudulent charges. Plaintiff's correspondence to the defendants included her police report and an identity theft affidavit she filed with the Federal Trade Commission. On information and belief, EXPERIAN sent dispute notices to SOFI, thereby activating SOFI's obligations to reinvestigate plaintiff's disputes under the Fair Credit Reporting Act.

37. Plaintiff complied with all requests of each of the Defendants to provide information in order to have the erroneous marks removed from her credit reports. Despite the insistence of Plaintiff, the Defendants, and each of them, failed to correct the errors and failed to undertake sufficient investigations upon being notified of the errors.

38. Within the past several years, Defendants, and each of them, willfully violated the provisions of the Fair Credit Reporting Act in *at least* the following respects:

a. By willfully and negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

b. By willfully and negligently failing to correct, after receiving ample notice, information about the Plaintiff which defendants knew, or should have known, was incomplete and/or inaccurate;

COMPLAINT

c.  By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation;

d. By willfully and negligently failing to conduct an adequate investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the defendants;

e.  By willfully and negligently failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof;

f. As to EXPERIAN: by willfully and negligently failing to block identity theft information as required by 15 U.S.C. Section 1681c-2, and by failing to notify SOFI of the block of identity theft information.

39.  As a proximate result of the actions of the Defendants, and each of them, Plaintiff has been damaged in an amount which will be proven at time of trial.  As provided under the cited law, Plaintiff is entitled to actual damages, pain and suffering, punitive damages, penalties, costs and attorney fees.

40.  Plaintiff alleges that defendants, and each of them, have willfully violated FCRA with respect to Plaintiff and towards others similarly situated. Specifically, defendants deliberately have inefficient procedures for correcting their credit files, because they know that a certain number of consumers will either be intimidated or too frustrated to continuously fight back against the constant onslaught of collection activities for invalid debts.  Defendants, and each of them, know that a certain number of consumers would rather pay than fight, even if the debt is not actually owed.  These defendants know that their systems intimidate consumers so they'll pay debts even if not valid or not completely valid.  These facts were not disclosed to the Plaintiff and are not disclosed to the borrowing public at large.

## SECOND CAUSE OF ACTION

### [VIOLATION OF THE CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT AGAINST SOFI AND DOES 1-25, INCLUSIVE]

41.  Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

42.  Under Cal. Civ. Code Section 1788.2, "debt collector" includes "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Under this definition, SOFI and DOES 1-25, Inclusive, all qualify as a "debt collector".

43.  Under Cal. Civ. Code Section 1788.17, the requirements and prohibitions of the federal Fair Debt Collection Practices Act are incorporated into the California Fair Debt Collection Practices Act. SOFI, and DOES 1-25, Inclusive, all engaged in conduct proscribed by 15 U.S.C. Section 1692e (8), namely, "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." Each of these defendants violated 1692e (8) by communicating to credit bureaus and/or the next entity in line credit information which was known to be false or which would have been discovered to have been false upon the slightest diligence. None of the defendants communicated anything to any person to suggest that plaintiff was disputing the debt or that the debt was invalid. Plaintiff reserves the right to allege other violations of the FDCPA/Rosenthal as the facts of the case unfold.

44.  As a result of these violations of the California Fair Debt Collection Practices Act by SOFI and DOES 1-25, Inclusive, plaintiff has suffered general and special damages according to proof, and is entitled to a statutory penalty for each separate violation of California's Act, as well as punitive damages against

these defendants for conduct amounting to oppression and malice under California law. In addition, plaintiff is entitled to attorney's fees, costs and expenses.

## THIRD CAUSE OF ACTION
### [VIOLATION OF CALIFORNIA IDENTITY THEFT LAW, CIV. CODE SECTION 1798.92 et seq., AGAINST SOFI AND DOES 1-25, INCLUSIVE]

45.  Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

46.  In continuing credit reporting and debt collection activities against plaintiff after she had reported to them the identity theft situation and after providing them with a police report, SOFI and DOES 1-25, Inclusive, willfully violated the California Identity Theft Law, Civ. Code Section 1798.92 et seq.

47.  Plaintiff has suffered actual damages, including general, special, incidental and consequential damages, and is also entitled to attorney's fees and costs under the California Identity Theft Law.  In addition, plaintiff alleges that defendant SOFI, and DOES 1-25, Inclusive, specifically violated Civ. Code Section 1798.93 (c) (6), thereby entitling her to a $30,000.00 penalty, in addition to any other damages which may be assessed.

## FOURTH CAUSE OF ACTION
### [VIOLATION OF CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT AGAINST SOFI AND DOES 1-25, INCLUSIVE]

48. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

44. The continued reporting by SOFI and DOES 1-25, Inclusive, after

12

COMPLAINT

receiving ample notice of the falsity of the alleged debt, violates Cal. Civ. Code Section 1785.25.

45. Plaintiff alleges that SOFI and DOES 1-25, Inclusive, lack reasonable procedures to prevent this violation and similar violations.

46. Plaintiff has suffered both general and special damages according to proof.  In addition, plaintiff contends that SOFI and does 1-25, INCLUSIVE, willfully violated the California Consumer Credit Reporting Agencies Act by continuously furnishing credit information which was known, or which should have been known, to have been inaccurate and incomplete.  In addition to general and special damages according to proof, plaintiff seeks the maximum prescribed statutory penalty against SOFI and DOES 1-25, Inclusive, for each and every separate violation of the California Consumer Credit Reporting Agencies Act. Plaintiff also seeks her attorneys fees and costs from SOFI and DOES 1-25, Inclusive.

WHEREFORE, Plaintiff prays for judgment as follows:

1.  For general and special damages according to proof at trial;

2.  For statutory penalties for each separate statutory violation where allowed by statute;

3.  For punitive damages for willful violations against defendants according to proof at trial;

4.  For attorney's fees where authorized by statute or law;

5.  For costs of suit;

6.  For injunctive relief, including but not limited to a permanent injunction against the defendants forbidding them from ever again reporting this credit item;

7.  For such other relief as the court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL.**

13

COMPLAINT

Dated: March  2 , 2023      **LAW OFFICES OF ROBERT F. BRENNAN APC**


By:   /s/Robert F. Brennan
Robert F. Brennan
Attorney for Plaintiff

14

COMPLAINT